UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM ALVIRA,

Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE O'BRIEN, first
name unknown, Shield No. Unknown, Tax Registry No.
Known, POLICE OFFICER JOHN DOE, Shield No.
3827, Tax Registry No. Unknown, and POLICE OFFICERS
RICHARD/JANE ROES, Shield Nos. and Tax Registry
Nos. Unknown,

Defendants.
------------------------------------------------------------------------X

COMPLAINT
(Jury Trial Demanded)

16 Civ. 4677

     Plaintiff William Alvira, by his attorney Scott A. Korenbaum, Esq., for his Complaint, alleges as follows:

Preliminary Statement

1.     Plaintiff, William Alvira, brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his federal constitutional rights.  During the early evening hours of March 24, 2015, defendants, each of whom were members of the New York City Police Department (the "Department"), arrested Mr. Alvira without probable cause to believe Mr. Alvira had committed a crime.

2.     During the course of his arrest, the defendants also used excessive force.  As a result, Mr. Alvira sustained injuries.

JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper regarding

plaintiff's claims brought pursuant to the laws of the State of New York.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), venue is proper as defendant City

of New York resides in the State of New York, County of New York.

PARTIES

5.      William Alvira is a United States citizen.  At the time of the incidents complained

of, he resided in Richmond County.

6.      Defendant O'Brien, first name unknown, Shield No. Unknown, Tax Registry No.

Known, was, at all times relevant herein, a member of the Department holding the rank of

Detective.  Upon information and belief, at all times relevant herein, he was assigned to the 120th

precinct.

7.      Upon information and belief, defendant O'Brien still holds the rank of Detective.

At all times relevant herein, O'Brien was acting within the scope of his employment and under

color of law.

8.      Defendant JOHN DOE, Shield No. 3827, Tax Registry No. Unknown, was, at all

times relevant herein, a member of the Department.  Upon information and belief, he held, and

continues to hold, the rank of Police Officer.

9.      Upon information and belief, at all times relevant herein, defendant Doe was

assigned to the 120th precinct. At all times relevant herein, he was acting within the scope of his

employment and under color of law.

10.      Defendant Richard/Jane Roes were, at all times relevant herein, members of the

Department.  Upon information and belief, they held, and continue to hold, the rank of Police

Officer.

11.      Upon information and belief, and at all times relevant herein, defendant Roes

-2-

were assigned to the 120th precinct. At all times relevant herein, they were acting within the scope of their employment and under color of law.

<u>ADMINISTRATIVE PREREQUISITES</u>

12.     On April 30, 2015, Mr. Alvira filed a timely Notice of Claim with defendant City of New York in accordance with the General Municipal Law, concerning his arrest and prosecution.

13.     At least thirty days have elapsed since Mr. Alvira filed his Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is being commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

<u>FACTS</u>

14.     On March 24, 2015, at approximately 7:00 p.m., Mr. Alvira was in the vicinity of Corson Avenue, in Staten Island.  He was with Mark Correro.

15.     Messrs. Alvira and Correro got into Mr. Alvira's car.  Mr. Alvira then drove to 9 Corson Avenue to park his car.

16.     As soon as Mr. Alvira stopped his car, members of the Department pulled open its doors.  Before he (Alvira) could respond to an order to get out of the car, one or more members of the Department threw him to the ground – they did the same to Mr. Correro.

17.     While on the ground, members of the Department, including Officer Doe, kneed Mr. Alvira in the back, and punched him in the head.  Mr. Alvira did nothing to merit the defendants use of force.  He did not resist their efforts to arrest him in any manner.

18.     Following his arrest, one or more members of the Department transported Mr. Alvira to the 120th precinct.  In total, he spent a little less than three hours in custody.

19.     Defendant O'Brien ultimately charged Mr. Alvira with Disorderly Conduct (N.Y. Penal L. § 240.20), a violation. Mr. Alvira did not engage in any conduct that warranted this charge, or any other.

20.     Following his release from police custody, Mr. Alvira went to Staten Island University Hospital (the "Hospital") for treatment of the injuries he sustained. At the Hospital, the doctors treated him for non-life threatening injuries.

21.     On August 18, 2015, Mr. Alvira appeared in Criminal Court in Richmond County. The criminal information, which was signed by Detective O'Brien and which charged Mr. Alvira with Disorderly Conduct, was dismissed for facial insufficiency.

22.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Alvira requests a trial by jury.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – False Arrest)

23.     Plaintiff William Alvira repeats and realleges the allegations contained in paragraphs 1 through 22, as if fully set forth herein.

24.     On March 24, 2015, the defendants arrested Mr. Alvira.

25.     O'Brien, Doe and the Roe defendants did not have probable cause to believe Mr. Alvira had committed any crime. Put simply, Alvira did not engage in any conduct that warranted his arrest and detention, and these defendants knew, or should have known, that probable cause did not exist for Mr. Alvira's arrest.

26.     As a result of defendants' conduct, Mr. Alvira was detained, and at all times he knew he was detained. Moreover, Mr. Alvira did not consent to his confinement.

27.     Because defendants did not have probable cause to believe that Mr. Alvira had

committed a crime, his arrest was unreasonable within the meaning of the Fourth and Fourteenth

Amendments to the United States Constitution.

      28.     As a result of his arrest, Mr. Alvira suffered a loss of liberty, and psychological

injuries.

SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Excessive Force)

      29.     Plaintiff William Alvira repeats and realleges the allegations contained in

paragraphs 1 through 28, as if fully set forth herein.

      30.     On March 24, 2015, the defendants were involved in the arrest of Mr. Alvira.

      31.     In effectuating his arrest, one or more of the defendants used more force than was

necessary.

      32.     As the behavior of Mr. Alvira provided no justification for these defendants'

conduct, the defendants' actions were unreasonable within the meaning of the Fourth and

Fourteenth Amendments to the United States Constitution.

      33.     As a result of defendants' conduct, Mr. Alvira suffered physical and

psychological injury.

THIRD CLAIM FOR RELIEF
(False Arrest/False Imprisonment–All Defendants)

      34.     Plaintiff William Alvira repeats and realleges the allegations contained in

paragraphs 1 through 33, as if fully set forth herein.

      35.     On March 24, 2015, the defendants arrested Mr. Alvira.

      36.     O'Brien, Doe and the Roe defendants did not have probable cause to believe Mr.

Alvira had committed any crime.  Put simply, Alvira did not engage in any conduct that

warranted his arrest and detention, and these defendants knew, or should have known, that

probable cause did not exist for Mr. Alvira's arrest.

37.     As a result of defendants' conduct, Mr. Alvira was detained, and at all times he knew he was detained.  Moreover, Mr. Alvira did not consent to his confinement.

38.     Because these defendants did not have probable cause to believe that Mr. Alvira had committed a crime, no legal justification existed for his arrest.

39.     The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

40.     As a result of his arrest, Mr. Alvira suffered a loss of liberty, and psychological injuries.

41.     As the employer of the individual defendants, defendant City is responsible for Mr. Alvira's injuries under the doctrine of *respondeat superior*.

FOURTH CLAIM FOR RELIEF
(Battery–All Defendants)

42.     Plaintiff William Alvira repeats and realleges the allegations contained in paragraphs 1 through 41, as if fully set forth herein.

43.     On March 24, 2015, one or more of the individual defendants intentionally and without legal justification struck Mr. Alvira in a harmful and offensive manner.

44.     Mr. Alvira did not consent or authorize defendants to touch him this way.

45.     The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

46.     As a result of the individual defendants' conduct, Mr. Alvira suffered physical and psychological injury.

47.     As the employer of the individual defendants, defendant City is responsible for

-6-

the injuries Mr. Alvira suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

PRAYER FOR RELIEF

WHEREFORE, Mr. Alvira prays for the following relief:

(a)     compensatory damages in an amount to be determined at trial;

(b)     punitive damages in an amount to be determined at trial;

(c)     reasonable attorneys' fees;

(d)     costs and expenses; and

(e)     such other and further relief as is just and proper.

Dated:  New York, New York
         June 20, 2016

                    SCOTT A. KORENBAUM, ESQ.
                    Attorney for Plaintiff
                    11 Park Place, Suite 914
                    New York, New York 10007
                    (212) 587-0018


                    By:_____
                                  *Scott A. Korenbaum*
                             Scott A. Korenbaum